UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          File No.  1:06-CR-03

v.

                                          HON. ROBERT HOLMES BELL

TIMOTHY ALLEN GIBBS,

        Defendant.
                                     /

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Timothy Allen Gibbs' ex parte request for subpoenas for witnesses at government expense pursuant to FED. R. CRIM. P. 17(b). Rule 17(b) requires the Court to order that a subpoena be issued "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." FED. R. CRIM. P. 17(b).  If a subpoena is issued, the costs and fees are paid in the same manner in which those fees are paid for government witnesses. *Id*.

Defendant has the initial burden of demonstrating that each witness is necessary to an adequate defense. *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990).  A witness is necessary if his/her testimony is relevant, material and useful to an adequate defense. *Moore*, 917 F.2d at 230 (citing *United States v. Greene*, 497 F.2d 1068, 1079 (7th Cir. 1974)).  The Sixth Circuit has adopted the standard required by the Fifth and D.C. Circuits:

> if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir. 1977) (citing *Greenwell v. United States*, 317 F.2d 108, 110 (D.C. Cir. 1963)). In this case, Defendant has requested the issuance of six subpoenas at the government's expense. Defendant, however, does not attempt to make a showing of necessity beyond merely stating that the witnesses are necessary to his defense. Such a cursory statement does not satisfy Defendant's initial burden under Rule 17(b). *Barker*, 553 F.2d at 1021 ("[G]eneralities . . . are insufficient to make out a 'satisfactory showing' that the witnesses are needed."). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's ex parte application for defense subpoenas is **DENIED** without prejudice.


Date:     March 9, 2006            /s/ Joseph G. Scoville
                                   JOSEPH G. SCOVILLE
                                   UNITED STATES MAGISTRATE JUDGE